Sunderland v. Hood.

---

SUNDERLAND *et al.*, *Appellants*, v. HOOD.

1. **Will: UNDUE INFLUENCE.** The mere existence of an undue or improper influence operating, but not exercised, by the person possessing it, upon the mind of the testator when he makes a will, is not sufficient to invalidate it.

2. ———: ———. It is not the existence, but the exercise of the improper influence, which invalidates the will.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Broadhead & Haeussler* and *C. V. Scott* for appellants.

(1) This action was not prematurely brought. R. S. Mo. 1879, secs. 3972, 3974, 3980; *Potter v. Adams*, 24 Mo. 159; *Jourden v. Meier*, 31 Mo. 42. (2) This action, under the statute, is a proceeding at law, and the appellate court will not look into the weight of evidence. *Young v. Ridenbaugh*, 67 Mo. 574. (3) There was no error in the rulings of the trial court in admitting or excluding evidence. *Lamb's adm'r v. Helm*, 56 Mo. 432; *Lohart v. Buchanan*, 50 Mo. 201; *Benoist v. Murrin*, 48 Mo. 52; *Harris v. Hays*, 53 Mo. 94; *Bursdale v. Davis*, 58 Mo. 138; *Dean v. Negley*, 41 Pa. St. 312; *Monroe v. Barclay*, 17 Ohio 317; *Van Kleeck v. Phipps*, 4 Redf. R. p. 130; *Rollwagen v. Rollwagen*, 63 N. Y. 519; *Boyd v. Boyd*, 66 Pa. St. 283. (4) The instructions given at the instance of the respective parties presented the law applicable to the case correctly and fully to the jury. *Harvey v. Sullens*, 46 Mo. 147; *Young v. Ridenbaugh*, 67 Mo. 574; *Muller v. Hospital*, 5 Mo. App. 390; *Elliott v. Wellby*, 13 Mo. App. 19; *Benoist v. Murrin*, 58 Mo. 307; *Dean v. Negley*, 41 Pa. St. 312; *Evans v. Arnold*, 52 Ga. 169: *Garvins v. Williams*, 44 Mo. 465; *Boyd v. Boyd*, 66 Pa. St. 283; *Marx v. McGlynn*, 88 N. Y. 371. (5) The court of appeals erred in reversing the judgment of the circuit court; it should have been affirmed.

*Charles L. Moss* for respondent.

(1) The probate court has exclusive original jurisdiction in the probate of wills, and until it has *in term* passed on a will there exists no right to a contest. *Banks*

*v. Banks*, 65 Mo. 432. (2) The petition in this cause should have *shown* final prior action by the probate court in order to have given the circuit court jurisdiction. (3) The second amended petition sets up facts occurring since the institution of this suit, and presents a case which plaintiffs had no right to have heard in this suit. R. S., sec. 3535. (4) All in interest should have been made parties. *Eddie v. Parker*, 31 Mo. 513. (5) In such cases the allegations of the petition must specifically present issues and the burden of proof as to such issues (as when incapacity, undue influence, want of chastity, etc., are alleged) remains with the party asserting them. *Rogers v. Frost*, 51 Mo. 470; *Thomas v. Stump*, 62 Mo. 275; *Ketchum v. Stearns*, 8 Mo. App. 69; 53 Mo. 96; 61 Mo. 296. (6) The petition herein properly presents no issue in behalf of which plaintiffs should have been heard with testimony, and its only effect is to require the defendant to produce the subscribing witnesses in the circuit court. *Ketchum v. Stearns, supra*; R. S., 3980. (7) There was no evidence justifying the giving of the plaintiffs' fourth instruction. (8) The instructions offered by defendant should have been given to the jury. *Cravens v. Falconer*, 28 Mo. 22; *Odenwalder v. Schoey*, 8 Mo. App. 465; *Brinkman v. Reuggesick*, 71 Mo. 553. (9) The third instruction given for plaintiffs was erroneous. *Dean v. Negley*, 41 Pa. St. 312; *Eckert v. Flowery*, 43 Pa. St. 46; *Hall v. Hall*, 38 Ala. 131.

HENRY, C. J.—This is an action under section 3980 of the Revised Statutes, instituted by the nephews and nieces, the nearest surviving relatives of Julius P. Sunderland, deceased, to contest the validity of an instrument purporting to be, and admitted to probate as, his last will and testament. The allegations in the petition are, that at the time he executed the paper in question, he had not a disposing mind and memory, and was unduly influenced to make it. There was sufficient evidence tending to prove both allegations to sustain the verdict,

which was that the instrument was not the last will and testament of Julius P. Sunderland. On appeal to the St. Louis court of appeals, the judgment of the circuit court was reversed, and plaintiffs have appealed to this court.

There was evidence tending to prove that Sunderland and the defendant, to whom, by the terms of the contested will, he devised and bequeathed all his property, except a gold watch, which was bequeathed to one of his nieces, had for years lived in a state of concubinage. There was no direct evidence that, at the time the will was made, the defendant was exercising over the mind of Sunderland the influence, if any, which she had acquired through her illicit connection with him. No evidence that she said anything to him, when, or before the will was made, to procure its execution, but she was present when it was made, observing closely what transpired in the sickroom, and evidently aware of the disposition the dying man was about to make of his property. And these, with other proved facts, were sufficient to sustain the verdict finding that the influence she had acquired over Sunderland was exerted, *not merely existing*, and was "operative on the mind of the testator in the very act of making the testament." *Eckert v. Flowery*, 43 Pa. St. 52.

The court, for plaintiffs, however, gave the following instruction:

"3. The court instructs the jury that undue influence, as used in these instructions, means any influence of an improper kind, which they may believe from all the facts and circumstances admitted in the evidence, so operated upon the different faculties of the deceased, Julius P. Sunderland, as to cause him to make a different disposition of his property than he would have made if free from such influence, and that it makes no difference from what source such undue influence may have proceeded, if the exertion thereof upon him existed down to and at the time of the execution of the paper in question, then the jury should find said paper is not his will."

This instruction assumes that an improper influence, acquired by one over another, which leads and induces the latter to execute a will in favor of the former, although nothing was ever said or done by the beneficiary to procure the making of such will, is sufficient to avoid it. That if a man and woman have illicit connection with each other, and by this means, either acquires an influence over the other which prompts that other to execute a will, in which the partner in guilt is the beneficiary, it cannot stand. If this is a correct enunciation of the law, then whether such devisee was present or absent when the will was made, and although the ocean may separate the testator and devisee, and no communication may have been had between them for years, this inexorable principle would invalidate the will. It is not the existence, but the exertion of that improper influence, which invalidates the will. We do not think that the case of *Dean v. Negley*, 41 Pa. St. 312, gives any support to the position that "the influence of an adulteress over her paramour will, in itself, avoid his will in her favor." In the opinion of Lowrie, C. J., who delivered the opinion of the court in that case, it was said: "If, then, there was such a relation between the testator and Mrs. Bolton, at the time of the making of the will, as was offered to be proved, we think that that fact, taken in connection with the devise to Mrs. Bolton's daughters, is evidence of an undue influence exerted by her over the testator, and affecting the dispositions of his will, and that it may justify a verdict against the validity of the will. I have, myself, thought that it raised a *presumption of law* of undue influence, but we do not so decide, but leave it as a question of fact, merely."

*Eckert v. Flowery, supra,* and *Monroe et al. v. Barclay et al.,* 17 Ohio St. 302, are authorities against the proposition, that the mere existence of an undue or improper influence, operating but not exercised by the person having it, upon the mind of the testator, when he makes the will, is sufficient to invalidate it. Many wills

are made which ought not to have been made. Testators are always under some improper influence, when the proper objects of their bounty are in no way provided for in their wills. A father who disinherits a worthy and needy son or daughter, has the right, but must be prompted by some improper influence to do so. He may have formed an attachment for strangers, stronger than that for his children, which should not exist, but the law does not prevent him from gratifying his whims, or caprice, in the testamentary disposition of his property.

The judgment of the court of appeals is affirmed. All concur.