GORDON v. BURRIS, et al., Appellants.

Division One, December 22, 1899.

1. **Stare Decisis:** SUBSEQUENT TRIALS. The decision of the Supreme Court becomes the law of the case on a subsequent trial thereof.

2. **Will Contest:** ACTION AT LAW: SUBSTANTIAL EVIDENCE. A suit to set a will aside as being the result of undue influence and fraud on the testator, by the devisees, is an action at law, and the appellate court will not weigh the evidence if there is substantial evidence to support the verdict.

153  223
87a 177

153  223
90a 317

153  223
94a 666

153  223
173  303
96a  56
100a 632

3. ———: UNDUE INFLUENCE. The testator owned 240 acres of land in her own right, and had three sons and a granddaughter, the plaintiff. Her sons sometime prior to her death tried to get her to will all her property to them, but she refused, saying she was not ready to do so; they quarreled about it, and the doctor refused to attend her in her last sickness unless one of the devisees who was worrying her and making her excited was sent away; they urged her to make her will, because measles was in the house, and if she contracted that disease she would die; she took measles, and died in about ten days after the will was made. The devisees had several times said before the will was made, that their niece should never have any of the property; finally she was induced to devise all the property to the sons on an express promise from her husband that the granddaughter would be provided for by him, and when she made the will she immediately, in the presence of one of the devisees, reminded her husband of his promise, and urged him to have his will prepared at once, and he promised he would go to town and do so in a few days and would "provide for the little girl." Instead of doing so within thirty days after death of testatrix he turned over all his property to his sons, and soon afterwards died insolvent. He also suggested that the physician who attended testatrix witness the will for the reason that he could not be impeached. *Held*, that there was abundant evidence to justify the jury in finding not only undue influence but also fraud and deception used by the devisees upon the testatrix, which caused her to make the will.

4. ———: ———: FRAUD OF ONE NOT A PARTY. *Held*, also, that the husband participated in this fraud, and that the court did not err in refusing to withdraw the issue of his fraud from the case although he was dead at the time of the trial and the suit had been dismissed as to him.

5. ———: INSTRUCTIONS. Omissions in plaintiff's instructions may be supplied by those given for defendant.

6. ———: ———: UNDUE INFLUENCE. Various instructions on the subject of undue influence and fraud are reviewed, and are held, under the circumstances of this case, to be proper.

7. ———: ———: ———: PARTICULAR FACTS. It is held that an instruction which is set out in the opinion is not to be condemned as singling out particular facts and directing the attention of the jury to them.

8 ———: UNDUE INFLUENCE: DEFINITION. The instructions given in this case, when taken together, properly, fully and explicitly instructed the jury as to the meaning of undue influence.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander*, Special Judge.

AFFIRMED.

*James M. Davis, John E. Wait* and *Sheetz & Sons* for appellants.

(1) The issue should have been confined to undue influence. West v. West, 144 Mo. 132. There was no allegation or evidence of incapacity to make a will, and this court can not determine on what ground the jury found against the will, and the cause must be reversed. Cash v. Lust, 142 Mo. 630. (2) The court should have peremptorily instructed the jury that Mrs. Burris had the capacity to make a will under the pleadings and the evidence. Maddox v. Maddox, 114 Mo. 42. (3) The fact that under the will the plaintiff was virtually disinherited is no evidence of undue influence, and that is especially true in this case, where there is no allegation or proof of incapacity to make a will. And it was gross error to call the attention of the jury so pointedly to that fact by instructions. (4) The natural love and affection that a parent may have for one of his or her children over another, however great it may be, is no justification for setting aside a will; nor is the mere existence of an undue or improper influence operating, but not exercised by the person possessing it, upon the mind of the testator when he makes a will, sufficient to invalidate it. Sunderland v. Hood, 84 Mo. 293; Brinkman v. Rueggesick, 71 Mo. 553. But such influence must dominate the will of the testator so that it can not be his own free act and deed, and this influence must have operated upon the mind of the person making the will at the time thereof. The influence which would be necessary to invalidate the will in this case must have been such as amounted to over-persuasion, coercion or force, destroying the free agency or will-power of

the testatrix. Jackson v. Hardin, 83 Mo. 175; McFadin v. Catron, 120 Mo. 275; Jones v. Roberts, 37 Mo. App. 179; Norton v. Paxton, 100 Mo. 467; Myers v. Hanger, 98 Mo. 438. (5) The statements of Lucinda Burris were incompetent in this case because there was no question of her capacity to make a will. Bush v. Bush, 87 Mo. 485; McFadin v. Catron, 120 Mo. 274; Doherty v. Gilmore, 136 Mo. 421; Price v. Blankenship, 144 Mo. 203. (6) There was no undue influence in this case. Defoe v. Defoe, 144 Mo. 548; Cash v. Lust, 142 Mo. 642; McFadin v. Catron, 138 Mo. 226; Doherty v. Gilmore, 136 Mo. 420; Derberet v. Derberet, 131 Mo. 410.

*Miller Bros.* for respondent.

(1) The evidence shows much undue influence in this case, exercised over the mind of the testatrix by the defendants, who benefited and were the beneficiaries under the purported will. The jury so found and the evidence justified such finding. Schooler on Wills, sec. 227; Garvin v. Williams, 44 Mo. 465; Gay v. Gillihan, 92 Mo. 250; Burdette v. May, 100 Mo. 13. (2) Where the instructions in the main are correct, and from the evidence it can be seen the verdict is for the right party, the Supreme Court will not disturb the finding. Von de Veld v. Judy, 143 Mo. 367; Fitzgerald v. Baker, 96 Mo. 661; Vogg v. Railroad, 138 Mo. 172. (3) The trial court in the last trial pursued strictly the path marked out by the Supreme Court in its decision, and it is now the duty of the Supreme Court to approve that action. When a case has been once appealed, and being remanded, is tried in accordance with the opinion of the appellate court, error can not be assigned to the rulings of the trial court in so doing. The decision of the appellate court being *res adjudicata*, the appellate court has no further concern therewith. McQuillin's Plead. and Prac., sec. 2083; Galbreath v. Rogers, 45 Mo. App. 324; Galbreath v. Newton, 45 Mo. App. 312; Commission Co. v. American Bank, 35 Mo. App. 472; Zinc Co. v.

Ins. Co., 41 Mo. App. 406.   (4).  The evidence is sufficient to establish the rankest fraud; that fraud is distinct from undue influence.   The testatrix was induced, fraudulently assisted by the promise of her husband, to make the pretended will, and it was properly set aside.   Norton v. Paxton, 110 Mo. 467; 1 Bigelow on Fraud, p. 571, sec. 5; Smith v. DuBose, 78 Ga. 413; Taylor v. Gardner, 35 N. Y. 559; In re Will Budlong, 126 N. Y. 423; Davis v. Dean, 66 Wis. 100.

MARSHALL, J.—This is a proceeding to set aside the will of Lucinda Burris, on the ground that while she was feeble in mind and body, her husband, John Burris, and her three sons, George, Gus and Fred, procured her to make the will by their fraud, deception and undue influence, by which she left her separate estate, some two hundred and forty-four acres of land, to her said three sons, and bequeathed to the plaintiff, who is the child of her deceased daughter, only the sum of thirty dollars.

This is the third trip this controversy has made to this court.   The first time it came upon an appeal by the defendants from a refusal of the trial court to enter a judgment in their favor establishing the will, after three petitions had been successfully demurred to; the trial court overruled the defendant's motion for judgment, and simply dismissed the case. On that appeal this court held that under section 2068, Revised Statutes 1889, when a third petition has been adjudged insufficient, the court is only authorized to enter a judgment for treble costs, but can not enter a judgment on the merits (Gordon v. Burris, 125 Mo. 39).   The second time it came up here on appeal by the plaintiff from a verdict returned by direction of the court in favor of the defendants. It appeared that after the first case was dismissed by the court, the plaintiff had instituted a second action, which had been tried, resulting as stated. This court in an able and exhaustive opinion by MACFARLANE, J., reversed the judgment of the

lower court, and after fully reviewing the evidence said: "It shows that defendants were importuning their mother, though then sick, to make a will, and leave them the property, and it worried her. A jury might well infer that defendants were endeavoring, by unreasonable and worrying importunities, to overcome the wish of their mother to allow plaintiff to inherit her proportion of the estate. The evidence shows testatrix did not consent to leave all her property to defendants until her husband had agreed to provide for plaintiff out of his property. This circumstance tends to show that the old lady held out in her wishes until this promise was made. The fact is that Mr. Burris never made any provision for plaintiff, and soon after the death of his wife, died insolvent. If defendants knew of his insolvency and his inability to provide for plaintiff, and this promise was used to induce testatrix to make the will, the facts would have a tendency to prove the use of improper means and influences to secure the making of the will. Taking into consideration the condition of Mrs. Burris, her affection for her granddaughter, then a child of twelve years, her evident wish to provide for her; taking the opportunities of defendants, the grown sons of testatrix, living near by, desiring to secure to themselves the property; their persuasions, the worry of testatrix before making the will, and her grief afterward, we conclude that the evidence tended to prove undue influence and that the issue should have been submitted to the jury." [Gordon v. Burris, 141 Mo. l. c. 618.] This decision became the law of the case upon its retrial in the circuit court. [May v. Crawford, 150 Mo. 504.]

The case was then tried anew in the circuit court, the testimony being, in the main, the same as upon the former trial which is fully stated in the opinion of MACFARLANE, J., and in fact was read from the transcript or from the depositions used on that appeal, but upon this trial there was testimony tending to prove that the sons had been trying for some time to get their mother to make a will in their favor, and

that she had refused, saying, that she was not ready to do so; that they had been quarreling about it; that the doctor refused to attend her unless one of the sons (Gus) was sent away as he was worrying her and making her excited; that they urged her to make the will at that time because she was sick and the measles was in the house and if she contracted that disease in her weakened condition she would die (she did so and died about ten days after the will was made); that the sons had several times said, before the will was made, that Mary, the plaintiff, should never have any of the property; that when she made the will she immediately said, in the presence of Judge Broaddus who had prepared the will for her, to her husband: "Now, Mr. Burris, you know you agreed to provide for Mary" (the plaintiff), "and now is the time to have your will written," and that, she further said: "Mr. Burris was going to provide for Mary;" and that he said he intended doing so but was not ready just then; that he would be in town in a few days and that Judge Broaddus could write his will "and he would then provide for the little girl." Instead of doing so, however, within thirty days after his wife died he deeded all his property to his sons who turned it over to the bank that held their note for twenty thousand dollars, which was endorsed by their father, and hence the sons knew and the father knew, when his wife reminded him he had agreed to provide for their grandchild and asked him to make a will then which would do so, that he could not do so, as he was then insolvent by reason of his indorsement for their sons.

The trial resulted in a verdict and judgment for the plaintiff, from which the defendants have appealed to this court.

It is too clear to admit of serious debate that there was abundant evidence adduced in this case to justify the jury in finding that there was not only undue influence but also fraud and deception used by the defendants upon the deceased, which caused her to make this will and that she would not

otherwise have done so.   She had steadily resisted all their importunities to make such a will, and wanted to provide for her granddaughter as well as for her sons, and it is perfectly clear from what she said to her husband when she executed the will that she did so only because he had promised to provide for Mary, the plaintiff, which he admitted then he had promised to do, and repeated that promise then, saying he would be in town in a few days, and have his will drawn and would provide for her.   Without this it is plain she would not have made the will.   Her husband and her son George, who was present and heard this conversation, knew then that her husband could not make his promise good, yet they let her die believing it would be done.   It was not done, but the husband within thirty days after her death, deeded all his property to his sons, and they deeded it to the bank.   This was a fraud upon the deceased, and their deception and this fraud produced this will.   By this it is not intended to detract from the former decision in this case that there was also undue influence.   It is only intended to accentuate the fact of the fraud, as well as to indorse what was then said, that there was evidence of undue influence.   The jury found there was fraud and undue influence and they returned the only verdict that the evidence warranted.   This is an action at law, and we would not weigh the evidence if there was any conflict in it, but as there is substantial evidence to support the verdict, and as the verdict is manifestly for the right party, we will not disturb the finding of facts, but will pass, at once, to a consideration of the errors of law assigned.

It is contended that the first and second instructions given for the plaintiff are erroneous.   These instructions are as follows:

"1.   The court instructs the jury that the issue in this cause is this:   Is the writing produced in evidence the will of Lucinda Burris, or not?"

"2. The court instructs the jury that they must find that the instrument purporting to be the last will and testament of Lucinda Burris, and in evidence in this case, was not the last will and testament of said Lucinda Burris, unless they find from the evidence that at the time the same was executed she was of sound and disposing memory."

Upon the same proposition the court instructed the jury, at the request of the defendants, as follows:

"3. The jury are instructed, that as a matter of law the one question in this case for them to try is this: Is the writing offered the will of Lucinda Burris, deceased? And your verdict will be either that it is her will, or that it is not. And did said Lucinda Burris, deceased, make and execute the alleged will, in all its provisions, of her own free will and volition, so that it now expresses her own wishes and intentions, or was she constrained or coerced, through the undue influence, restraint or coercion of others, in making her will, to act against her own desire and intention as regards the disposition of her property, or any part of it?"

"8. The words 'sound and disposing mind and memory,' as used in these instructions, mean a mind sufficient to enable a testator to understand what business she was engaged in while she was making and executing a will; also to enable her to know who were the natural objects of her bounty, and her relation to them and what property she had and the disposition she desired to make of it. And if the jury shall find from the evidence that Mrs. Burris at the time she executed the instrument in evidence had sufficient mind and memory to understand that she was engaged in making a will and knew what property she had, knew who her relatives were, and comprehended the claims that they had on her bounty, and understood what disposition she wanted to make of her property, then she possessed a sound and disposing mind and memory, and sufficient capacity to make a valid will."

"9. The court instructs the jury that Mrs. Burris, in

making her will had the right to dispose of her property as she pleased, and to give all or so much thereof to any one of her relatives or descendants to the exclusion of the others as she saw fit or deemed proper; and although the jury may believe from the evidence that she made an unequal distribution of her property by her will, and cut off some with nothing or but little who seemed to have as strong claim on her generosity as others who fared better, such facts are not evidence of undue influence and raise no presumption of the invalidity of the will; provided the jury find that while making the will she had a sound and disposing mind and memory."

Read together as these instructions must be, they declared the true law to the jury, and whatever omissions those given for the plaintiff may contain are fully supplied by those given for the defendants. [Harris v. Hays, 53 Mo. 90; Benoist v. Murrin, 58 Mo. 322; Norton v. Paxton, 110 Mo. 456; Farmer v. Farmer, 129 Mo. 530; Berberet v. Berberet, 131 Mo. 399; McFadin v. Catron, 120 Mo. 252; Cash v. Lust, 142 Mo. 630; Riley v. Sherwood, 144 Mo. 354; Fulbright v. Perry Co., 145 Mo. 432; Sehr v. Lindemann, 153 Mo. 276.]

Instruction numbered eight given for defendants states the rule very clearly. But as was well said by MACFARLANE, J., when this case was here the last time, the fact that the will was made and that the testatrix was of sound and disposing mind, was admitted by the pleadings. The issue was the fraud, art, deception and undue influence that was practiced upon her.

The defendants next assert that there was error in giving the third instruction for the plaintiffs, which is as follows:

"3. The court declares the law to be that if the will in question was the result of undue influence exercised by the defendants, or either of them, over the mind and will of Lucinda Burris, that alone is sufficient to impeach and set aside said will."

The specific objections urged to the giving of this in-

struction, are, 1st, that it assumes there was undue influence exercised, which was a question of fact for the jury; 2d, that it suggests to the jury that there were other grounds besides undue influence in the cause, for which the will might be set aside; and, 3d, that it does not fix the time of exercising the undue influence as of the execution of the will. As to the first objection, it is enough to say that counsel have overlooked the significant word "*if*" in the instruction, upon which the whole instruction is predicated. This required the jury to find the fact as to whether there was undue influence exercised. The second objection is untenable, for there were other grounds besides undue influence alleged and supported by proofs, and as to which the jury was instructed in other instructions given. For instance, the fourth instruction for plaintiff, which followed immediately after the instruction here complained of, related to the fraud that was practiced upon the testatrix, and was as follows:

"4. If the jury believe from the evidence that the will in question was procured by undue influence of the defendants, or either of them, and that John Burris, to aid the defendants in producing the execution of said will and to quiet the testatrix's fears that plaintiff might not be provided for, promised the testatrix that he would provide for plaintiff in his will, then said will was not the will of said Lucinda Burris, and the jury will so find."

It is urged, however, that this instruction is erroneous because there is no evidence that John Burris (the husband) aided the defendants in anyway to procure the will, and that there is no charge in the petition that he did so. John Burris was one of the defendants in this case until his death, when the case was dismissed as to him. The petition charges that the will was procured by the fraud, art, deception and undue influence of the defendants. This allegation covered all of the defendants, the father as well as the three sons. As already indicated there was abundant evidence to show fraud

on the part of the husband, and that his fraud was most operative on his wife's action in making this will. But in addition to what has already been pointed out, it appeared that he suggested having the doctor, who was attending his wife, as a witness to the will for the reason that they could not impeach him. The third objection to plaintiff's instruction is that it does not limit the time of the exercise of the undue influence to the moment of the execution of the will. This objection is exceedingly critical. A fair reading of it could not induce the understanding that any other time was intended than at the moment the will was executed. But, however that may be, the sixth and tenth instructions given for the defendant expressly limit the undue influence to the "very time she was making the will," and specifically require the plaintiff to show such influence over her "at the time and while she was engaged in making her will." The defendants' instructions therefore eliminated whatever uncertainty was created or left by the plaintiff's instruction complained of.

Plaintiff's fifth instruction is challenged. It is as follows:

"The jury in determining whether the will in controversy is the will of Lucinda Burris, may take into consideration the relation of the parties to the deceased, the unequal distribution of the testatrix's property, the presence of the parties, or any of them, at the time the will was made, if any of them were present, the testimony as to what took place at the time the will was made, and any testimony as to any statements made by the testatrix either before or after the will was made as to her feelings towards her grandchild, the plaintiff, and if, from all the facts and circumstances in evidence in the case the jury shall find that the will was procured by the undue influence of defendants, or either of them, then they will find for plaintiff, provided, however, that any statements Lucinda Burris may have made before or after the will was made, as to her feelings for said grandchild or expressing a desire to provide for her, should only be considered by the jury

as evidence of the feelings of said Lucinda Burris towards her said grandchild, and for no other purpose."

Defendants insist that a similar instruction was condemned in McFadin v. Catron, 120 Mo. l. c. 274, on the ground that it singled out particular facts and directed the jury to take them into consideration. The instruction referred to in the McFadin case is not set out in the report of that case. It is stated that it did single out particular facts and tell the jury to consider them, and it was properly declared erroneous for that reason. But this instruction here objected to is not open to such criticism. It does tell the jury they may consider certain facts, all of which it was proper to consider, but it does not stop there, as the instruction in McFadin's case seems to have done; on the contrary, it goes further and directs the jury to take into consideration the whole case, for it tells the jury: "And, if, from all the facts and circumstances in evidence in the case the jury shall find that the will was procured by the undue influence of defendants or either of them, then they will find for plaintiff." This required the consideration of the jury to be as broad as the whole case, and made the instruction general and not specific. The instruction, however, went even further in the direction of explicitness and safety, for by the proviso thereof it limited the testatrix's statements as to her feelings for the plaintiff and her desire to provide for her to the condition of her feelings towards her grandchild, and directed the jury that such statements could only be considered for such purpose and no other. This was strictly in line with what was declared to be the proper extent, and hence was the law of this case. [Gordon v. Burris, 141 Mo. l. c. 613.]

When this instruction is taken in connection with the seventh instruction given for the plaintiff, which is also objected to by defendants, there can be no question that the jury were directed to consider the whole evidence in the case in arriving at their verdict. That instruction is as follows:

"And if the jury find from the evidence when taken as a whole, that the paper purporting to be the will of Lucinda Burris would not have been made and signed by her, but for the undue influence exercised over her mind and will by the defendants, or either of them, at the time, then the jury should find that it was procured from said Lucinda Burris by the undue influence of said defendants and was not her last will and testament."

It is argued, however, that while this instruction requires the jury to consider "the evidence when taken as a whole," still it is wrong because it assumes there was undue influence exercised and it does not confine it to the very moment of the execution of the will. It has already been pointed out that the defendant's instructions numbered six and ten limited the undue influence to the "very time she was making the will," and required the plaintiff to show that she was acting under such influence "at the time and while she was engaged in making her will," and for these reasons the objection to this instruction that it does not limit the time to the moment of the execution of the will must fail. The objection that it assumes that there was undue influence is more critical than real. To say as the instruction does, that she would not have made the will "but for the undue influence," is the same thing as to say that she would not have made the will unless she had been under such influence. The subject and the predicate seem to be somewhat transferred from their proper places, and this instruction reads in some degree like a translation from some language in which such formation of sentences obtains, but all the necessary elements to the plaintiff's right to recover are required to be found to exist before the verdict can be for the plaintiff.

The eighth instruction given for the plaintiff is called in question. It is as follows:

"The court instructs the jury that undue influence, as used in the instructions, is defined as that which compels the

testator to do that which is against his will, from fear, the desire of peace, or some feeling which he is unable to resist."

It is claimed that this definition of undue influence is too general, and that it also fails to exclude feelings of affection, wherein it conflicts with the instruction approved in Sunderland v. Hood, 13 Mo. App. 238, affirmed Supreme Court, 84 Mo. 293. But this instruction must be read in connection with plaintiff's instruction numbered nine, which is as follows:

"The court instructs the jury that if they believe from the evidence that the mind or will of deceased, Lucinda Burris, either from sickness, disease and bodily decay, was subject to the domination and control of the defendants, or either of them and that they, or either of them, exercised such power and influence over her mind and will in the disposition of her property by such will as to destroy her liberty and free agency, and to cause such disposition of her property to be made by such will to suit the purpose and wishes of the defendants, or either of them, and not her own, then such will in law is not the will of said Lucinda Burris, and the jury will find the issue submitted to it for plaintiff, and against such will."

When these instructions are read in connection with the instructions given for defendant on the same subject, there can be no doubt that the jury was properly, fully and explicitly instructed as to the meaning of undue influence as it has been defined by this court from Jackson v. Hardin, 83 Mo. 175, to Sehr v. Lindemann, 153 Mo. 276, which, in short, is that it is such influence as amounts to force, coercion or overpersuasion, which destroys the free agency and will power of the testator, and that the influence of affection or desire to gratify the wishes of one who is near and dear to the testator is not within the meaning of the rule. This rule is made absolutely plain by defendant's instructions, and they amplify whatever generalities are contained in the plaintiff's instructions. The defendant's instructions on this subject are as follows:

"4. To avoid a will on the ground of undue influence, it

must be made to appear by a preponderance of the evidence, that the will was obtained by means of an influence which the testator was unable to withstand or too weak to resist and amounting to moral coercion and destroying the free agency of the testator or by importunity so persistent and forcible that it could not be resisted by the testator, so that the testator was constrained to do that which was against her own inclination and will in order to secure peace and be relieved of its annoyance, and such influence must have been exerted upon and controlling her during all the time she was engaged in making and executing her will.

"5.   Unless the jury find from the evidence that Mrs. Burris at the time she made and executed the will was unduly influenced and coerced, as these terms are defined in these instructions, then the jury have no right to inquire into or speculate upon the motives which caused her to dispose of her property as set forth in the will.   If she had capacity to make a will and was not unduly influenced in making it, she had the right to dispose of her property in accordance with any whim or caprice which may have led her.

"6. The court instructs the jury that the issue in this case is whether the instrument offered in evidence and read to the jury is the last will and testament of the deceased, Mrs. Burris. The burden is on defendants to show that said instrument was executed and signed by Mrs. Burris as and for her last will; that the signatures of the attesting witnesses were placed on such paper in her presence and at her request, or with her consent; and that at the time she executed the same she was of sound and disposing mind and memory.   If the defendants have by a preponderance of the evidence established and proven these facts, then the will would have to be adjudged the last will of Mrs. Burris, unless the jury should find that it is invalid because undue influence was exerted over her by her husband, sons, or some of them, which destroyed her free will, and forced her to adopt as her will an instrument

which she did not approve and which she would not have adopted except for such undue influence operating on her at the very time she was making the will, and which undue influence overcome and destroyed her free will and compelled her to do as another dictated. The burden is on the plaintiff to prove the existence of this undue influence and its operation on the mind of Mrs. Burris at the time, and while she was engaged in making her will; and unless plaintiff has by a preponderance of the evidence in the case established the fact that such undue influence was exerted over Mrs. Burris by her husband or son, or sons, and acted upon her so as to cause her to sign a will that she did not want or approve, then the finding of the jury must be that said instrument is her last will and testament, provided they find it was executed and attested as above prescribed.

"7. Mere advice or persuasion, although intended to induce a testator to make a will in a particular or in a different way from what the testator had been thinking of and intending is not undue influence, and will not invalidate the will, and unless more is shown that some one begged, persuaded or solicited Mrs. Burris to make the will as she did, the jury must find the will is valid. Persuasion and solicitation, to be undue influence, must be so persistent and so forceful as to overcome the will power of the testator, and to induce her to accept as her will an instrument which does not express her wishes and desires in the disposition of her property, but the will and wishes of another, whose powers she can no longer resist.

"9. The court instructs the jury that Mrs. Burris, in making her will, had the right to dispose of her property as she pleased, and to give all or so much thereof to any one of her relatives or descendants to the exclusion of the others as she saw fit or deemed proper; and although the jury may believe from the evidence that she made an unequal distribution of her property by her will, and cut off some with nothing or

but little who seemed to have as strong claim on her generosity as others who fared better, such facts are no evidence of undue influence and raises no presumption of the invalidity of the will; provided the jury find that while making the will she had a sound and disposing mind and memory.

"The court instructs the jury that the words 'undue influence,' as used in these instructions, do not mean mere coaxing or persuasion, which may cause the person coaxed to alter or change the mind so as to act differently from what they would if there had been no coaxing, but does mean an influence exercised by one person over the mind of another which destroys the free will of the latter and renders it incapable of carrying out its own purposes and desires, and compels and forces it to adopt and accept the will and purposes of the person exercising such power as his own, which he would not have done if he had not been constrained by such influence. Now, unless the jury shall find from a preponderance of the evidence in the case that at the time or prior to the time when Mrs. Burris executed the will in question, her sons, husband, or some one of them, had acquired such undue influence over her that she was incapable of making her will as she wanted it, but was constrained by such influence to make it according to the dictation of the person or persons exercising such influence, and further find that because of such undue influence, her will power was destroyed and she registered the will of another, and not her own, your finding must be for the defendants, provided they further find from the evidence that in all other respects, Mrs. Burris had capacity to make a valid will."

The defendants asked five other instructions which the court refused to give, and this ruling is now assigned as error. Four of those instructions related to matters which had been already exhaustively treated of by the instructions given, and were therefore properly refused. The fifth asked the court to withdraw from the jury the issues of fraud and deception.

It is contended that the statements, declarations, frauds and deceits of John Burris, the husband, can not be considered, because he is not a party to this suit and the petition does not charge him with fraud or undue influence. But as hereinbefore pointed out he was a party to this suit until he died, and the petition does charge him with fraud, deceit and undue influence, and the opinion on the former appeal points out his connection with the execution of the will and clearly shows that but for his acts in this respect the will would, probably, never have been made. And we have also herein further shown that he was guilty of a fraud and deceit upon his wife, and that she died without knowing the wrong that had been done her by him, and one of her sons, George, who was present when the fraud was acted out. The court, therefore, was right in refusing to withdraw this issue from the jury. Fraud or deceit in its procurement vitiates a will equally as readily and completely as it does a contract or deed. Some writers and cases do not discriminate between fraud and undue influence, but there is a marked and well defined difference. Undue influence is a fraud, but there fraud may exist without any undue influence, as that influence has been defined to be in our State, "Undue influence upon a testator consists in substituting virtually the will of the person exercising it for that of the testator; fraud upon a testator consists in making that which is false appear to him to be true, and so affecting his will. Undue influence need not be attended at all with deception or circumvention; fraud need not be attended with undue influence except in so far as the misrepresentation amounts to influence, there need be no pressure, such as is necessary to constitute influence." [1 Bigelow on Fraud, p. 572; Beach on Wills, sec. 107; 1 Redfield on Wills, p. 510; Davis v. Calvert, 5 G. & J. 310; Stewart v. Elliot, 2 Mackey, 307; Smith v. DuBose, 78 Ga. 413.

Upon a full consideration of the whole case it is most convincing that the will was obtained by fraud, deceit and un-

VOL. 153 mo—16

due influence; that the verdict responds faithfully to the facts as disclosed by the evidence; and that the instructions put the law of the case very clearly and fully to the jury.

Finding no error in the judgment of the circuit court, it is affirmed. All concur.