## CLAUDIUS, Respondent, v. WEST END HEIGHTS AMUSEMENT COMPANY, Appellant.

**St. Louis Court of Appeals, December 27, 1904.**

1. **CONTRACTS: Performance Prevented.** Where one party to a contract obstructs the performance by the other party, the party interfered with is excused from performance on his part.

2. ———: ———. Where the owner of an amusement garden or resort made a contract with the plaintiff whereby the latter was granted the exclusive right of installing and operating various kinds of amusements in the former's garden, the contract providing that the plaintiff should place his amusement devices at such places in the garden as the amusement company might determine, but the amusement company failed to designate such places and encumbered the ground with debris so that the plaintiff could not properly operate his amusements, in an action against such amusement company for breach of contract plaintiff could not be held to a full performance of his contract in making payments stipulated in the contract, but could recover notwithstanding such failure.

3. ———: **Waiver.** Where the payments to be made by plaintiff in consideration for the concessions were extended from time to time, the prompt payment of the installments was waived and the failure to make such prompt payments did not prevent a recovery.

4. **PRACTICE: Instruction.** Any obscurity or ambiguity in an instruction to the jury will not constitute error, where such ambiguity was made clear by another instruction and the jury could not have been misled by it.

5. **DAMAGES: Improper Items: Harmless Error.** Where, in an action for damages, evidence was received relating to improper items of damage, the error was harmless, where the proper elements of the damages, as proved, exceeded the amount recovered.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas*, Judge.

AFFIRMED.

*Rassieur & Rassieur* for appellant.

*Johnson & Richards, Charles Claflin Allen* and *John H. Holliday* for respondent.

(1) Respondent's instruction numbered 1 was correct. If the plaintiff, before the time for his performance of the contract arrives, finds the defendant refusing or failing to perform his part of the contract in a material matter, the plaintiff is excused from performance and may abrogate the contract and sue at once for damages. Halpin v. Manny, 57 Mo. App. 61; Clendinnin v. Paulsen, 3 Mo. 230; Little v. Mercer, 9 Mo. 121; Pond v. Wyman, 15 Mo. 183; Dobbins v. Edmonds, 18 Mo. App. 316; Murphy v. Black, 78 Mo. App. 316; Harrington v. Neville, 83 Mo. App. 589. (2) Any danger of respondent's instruction 1 being taken as drawn in the alternative and authorizing a recovery, though appellant had alloted space after May 12, was obviated by the court's giving appellant's instruction 2. Gordon v. Burris, 153 Mo. 232, 54 S. W. 546; Perrette v. Kansas City, 162 Mo. 238, 62 S. W. 448; Lumber Co. v. Tie Co., 87 Mo. App. 167. (3) The instruction on the measure of damages was correct. The contract being abrogated for defendant's breach, the plaintiff was entitled to be put, as far as possible, in the position he occupied before entering into the contract; he was entitled: (a) To recover the amount of the expenses incurred by him in preparing to carry out his contract, since he did not seek to recover profits. Melson v. Tel. Co., 72 Mo. App. 114; Athletic, etc., Ass'n v. St. Louis, etc., Ass'n, 67 Mo. App. 656; Hughes v. Robinson, 60 Mo. App. 194; Trust Co. v. Murman, 90 Mo. App. 555. (b) To recover the $1,500, already paid by him to defendant, which defendant was seeking to retain as a forfeiture, because of the total failure of consideration under the contract. Hammond v. Beeson, 112 Mo. 197,

20 S. W. 474; Chalice v. Witte, 81 Mo. App. 84; Albers v. Merchants Exchange, 138 Mo. 140, 39 S. W. 473; Heman v. Wade, 140 Mo. 340, 41 S. W. 740; Knight v. Orchard, 92 Mo. App. 466.

REYBURN, J.—In March, 1903, the parties hereto entered into a contract reduced to writing, by the terms of which plaintiff, in this court the respondent, was granted the exclusive right of installing and operating various characters of amusements and pleasure devices at appellant's amusement garden and resort, known as the West End Heights, for the summer season of 1903, and conditionally for the season of 1904 as well, such annual seasons to embrace at least three-months from June first of each year, and in return for such concession respondent agreed to pay $11,250 in specified installments at dates designated during the contract period and was accorded the right of assignment of any or all the privileges and the penalty of forfeiture of all contract rights was imposed on violation of or default in any of the agreements entered into by him. Among other obligations assumed, respondent agreed to purchase a merry-go-round then on appellant's premises for $750, to be rebought by appellant in event of forfeiture at $637.50 and the contract particularly provided that appellant should determine from time to time the position in its premises where the various amusements should be carried on by respondent, who was prohibited from conducting them at different places. Declaring on this contract, respondent alleged that he entered upon its performance and continued on its observance in all respects, until prevented by the wrongful acts of appellant in willfully and wrongfully refusing to allot suitable places, whereon he could erect and operate the concessions, ignoring respondent's frequent requests and wrongfully obstructing the ground with building materials in places necessary for the operation of the concessions secured,

rendering their erection and conduct impossible; that such acts complained of began before the opening of the season of 1903, and continued thereafter and respondent was thus debarred from the benefit of further performance and gave up the enjoyment of the privileges of the agreement. Payment was charged of $1,500 on account of the contract price and the expenditure of $795 in work preliminary and essential to the execution of the contract.

The defense was a general denial, with an affirmative plea of failure on respondent's part to make payments in conformity to the contract and a forfeiture in accordance with its terms, with a further charge of abandonment of the contract and refusal to perform its provisions by respondent.

A jury trial terminated in verdict for respondent in amount of $1,918.37, and defendant has duly appealed from judgment rendered thereon.

1. The contract accorded to respondent the exclusive privilege during the summer seasons of 1903 and year succeeding of operating the amusement devices enumerated on the premises occupied and used by appellant as a public pleasure resort, but confined respondent to such localities in the garden as might be determined by appellant and assigned for his purposes, prohibiting him from installing them in any other places, and thus reserving to appellant the control and disposition of the situation of respondent's attractions. It was, therefore, essential that appellant should set apart and allot to respondent, territory within its premises reasonably necessary and proper for the erection and operation of his concessions, and the entire performance of this provision of the contract devolved on appellant and without compliance by it in this introductory respect, respondent was powerless to proceed, the performance of the contract on his part obstructed and the consideration for the payments by him of the contract price entirely suspended and failed.

The testimony introduced by respondent tended to establish that appellant, through its officers and representatives, refused to assign or designate the space for his devices, and encumbered the ground with debris, so that it would have been impracticable to construct and operate his concessions. As stated by this court in an early case, it is a familiar legal principle that where a party to a contract obstructs or forbids its performance by the opposite party, to a degree that is equivalent to a refusal of performance, the party interfered with may recover as if for full performance on his part. [Halpin v. Manny, 57 Mo. App. 59.] The individual testimony of plaintiff was to the effect, that prior to the date on which a partial payment matured and was payable by him, defendant's representatives had refused to accede to his request for assignment of a situation for his devices, and in consequence he had declined to make the payment accrued. It appeared also from the testimony of an officer of appellant that, after the payment date, the time of such payment had been repeatedly extended and, therefore, the right of enforcing a forfeiture on its part for default in prompt payment of this installment was waived by necessary implication, such waiver being inferred from the acts and conduct of a party. [Trust Co. v. Ins. Co., 79 Mo. App. 362.] There was, therefore, substantial evidence in justification of his refusal to make prompt payment of the accrued payment and having declined to continue the performance on his part by reason of the existing and continuing breach by appellant, he was excused and still entitled to recover as if for full performance, and the imperative instruction was properly rejected.

2.   The first instruction was in the following language:

"The court instructs the jury that if they believe from the evidence that the plaintiff and the defendant entered into the contract dated March 5, 1903, read in evidence, for the granting to the plaintiff of certain

concessions named in said contract and in plaintiff's petition, then by the terms of said contract, it was the duty of the defendant to determine the position in the West End Heights where the various concessions named in such contract were to be carried on, and the plaintiff was not permitted to carry on the same in any other place or places, and if the jury believe from the evidence that the defendant, by its officers or agents before the twelfth day of May, 1903, or before any time to which you may find the date of payment of said $2,250 was extended, failed and refused to allot places whereon plaintiff could erect and operate his several concessions, then the plaintiff was excused from further performance of said contract on his part. And if the jury believe from the evidence that the plaintiff refused to proceed further with the contract with the defendant, on account of such refusal and failure to allot him such space, then their verdict will be for the plaintiff."

Appellant charges that the above is drawn in the alternative and would sanction a finding for respondent although the appellant might have assigned a locality after the date specified, and that it ignores the default, if any, prior to such date. The jury assumed to be composed of men of average intelligence, could not have been misled into any such forced construction of the terms of this portion of the charge, and any obscurity or ambiguity therein is wholly effaced and made clear by the instruction given in a modified form asked by appellant following:

"The court instructs the jury that under the contract read in evidence, the plaintiff was required to pay to the defendant, on the twelfth day of May, 1903, the sum of $2,250, and it is admitted by the plaintiff that he has never made such payment. Therefore, under the terms of said contract, the defendant could lawfully abrogate the same and the plaintiff is not entitled to recover in this case unless you should fur-

ther find that on or before said twelfth day of May, 1903, or if you find from the evidence that the time of payment was extended, then on or before the time to which payment was extended, the defendant itself had violated said contract, by failing to allot to the plaintiff the necessary space in said West End Heights for the installation of any of said games, which the plaintiff was privileged to install therein, and failed from that date up to the ninth day of June, 1903, to allot such space to the plaintiff for the purposes aforesaid.''

The instructions are to be considered and treated as a whole and together, the latter is a panacea remedying the infirmity, although its presence is doubtful, in the former. [Gordon v. Burris, 153 Mo. 223, 54 S. W. 546, and numerous authorities enumerated therein.]

3.    The instructions prescribing the measurement of damages warranted the recovery by plaintiff of the sum paid by him to appellant, and of such amounts not in excess of $795, disbursed by respondent as preparatory expenses but requiring the deduction from such aggregate of any amounts received by him from any concessions, the subject of the contract. No clearer rule could have been defined in conformity to the principle of compensating respondent for the losses imposed on him by appellant's violation of the contract. He was of right entitled to repayment of the amount paid on account of the stipulated price and the reasonable expenses incurred by him in preparing for the execution of the contract on his part; by a specific direction the prospective profits to respondent of the enterprise had been withdrawn from the consideration of the jury. Appellant insists that evidence of two items denominated operating expenses and consisting of an aggregate of $47 for rental of an electric piano and printing tickets, was improperly received, but as respondent was required to give credit for the receipts from the limited number of concessions in brief operation, it would seem just that he should be reimbursed

his operating expenses. If, however, any error was committed in this regard, appellant was not prejudiced thereby, as the items of preliminary expense exceed $795, the amount to which respondent's recovery was restricted, by a sum in excess of the detailed amounts complained of.

A diligent investigation of the record has revealed no reversible error, the verdict was supported by the evidence, and the judgment is affirmed. All concur.