MURPHY, BY HIS NEXT FRIEND, Respondent, v. MURPHY *et al.*, Appellants.

1. Section 38 of the act concerning wills (R. C. 1845, p. 1084,) renders the appointment of an executor void where he is also one of two attesting witnesses; consequently he is a competent witness to prove the will.

2. Where a minor sues by his next friend, the next friend is a competent witness in behalf of such minor plaintiff.

3. Although an appointment of an executor would be rendered void by reason of the fact that such appointee is also one of two attesting witnesses, he may be appointed administrator with the will annexed.

### *Appeal from Washington Circuit Court.*

This was a petition in behalf of John P. Murphy, by his next friend Thomas C. Murphy, to establish the will of one Richard Murphy, which had been rejected by the county court. Upon the trial, the said Thomas C. Murphy, who had been appointed one of the executors of said will, and was also one of the two attesting witnesses, was admitted as a witness in behalf of the plaintiff to prove the execution of the will, and that the said R. Murphy was of sound and disposing mind.

*Berryman*, for appellants.

*Frissell*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

Thomas C. Murphy was one of the two attesting witnesses to the will, and he was appointed executor. The 38th section of the act concerning wills, (R. C. 1845, p. 1084,) made this appointment void; consequently he was properly admitted as a

witness to the execution of the will. As to the objection that he was a party to the proceeding, being the *guardian ad litem* of his son John P. Murphy, who was a party to the suit, it is sufficient to observe that a guardian is no more a party to a suit, which is conducted in the name of his ward, than the attorney is a party who conducts a suit for an adult. He may be liable for the costs, but interest now does not disqualify a witness.

There is nothing in the idea that it should appear from the attestation of a witness to a will, that the testator was of sound and disposing mind. The witness proves that fact when sworn to establish the will, but the statute does not require that he should state it in his attestation. If the widow was dissatisfied with the will she should have renounced its provisions in the manner prescribed by law.

The appointment of Thos. C. Murphy as executor of the will being void, he being the subscribing witness to to it, on the establishment of the will he will not be entitled to act as executor. The execution of the will will devolve on Catharine Murphy, the executrix. Should she renounce, there would, as we conceive, be no objection to the appointment of Thos. C. Murphy administrator with the will annexed. We do not pretend to say, however, that such a course would be obligatory on the probate court. They would be free to act as they thought best for the interest of the estate. (Murphy v. Murphy, 3 Kernan.) Judge Ryland concurring, the judgment will be affirmed; Judge Leonard absent.