McCullough *et al.*, by Guardian, Defendants in Error, v. McCullough, Plaintiff in Error.

1. The supreme court was instituted to determine questions of law, and not to try matters of fact. It can not weigh evidence.
2. A case for the specific performance of a parol contract for the conveyance of land, is required by law to be tried by the court, and it is therefore discretionary with it whether any issues shall be submitted to a jury.
3. A guardian is a competent witness in favor of his ward, whose suit he conducts. (Murphy v. Murphy, 24 Mo. 526, affirmed.)
4. A widow is not disqualified as a witness in favor of her children, who are prosecuting an action for the recovery of land, by the fact that if they prevail she will be entitled to dower in it. Such action is not for her immediate benefit.
5. The most that can be said in such case is that she is interested in the judgment, because it might be evidence for her in a future action; which objection would not disqualify her, under the seventh section of the act concerning witnesses. (R. C. 1855, p. 1579.)

*Error to Marion Circuit Court.*

The plaintiffs Edward and Delia McCullough, by their mother and guardian Ann McCullough, brought this action in 1858 against the defendant James McCullough to have the title of about a hundred acres of land vested in them. The petition sets out that the defendant, in 1845, gave the said land to his son Andrew H. McCullough, the father of the plaintiffs, in consideration of natural love and affection, and of labor rendered by said Andrew to defendant; that defendant promised said Andrew that if he went upon and improved said land he (the defendant) would execute to him a deed therefor; that in pursuance of said promise and agreement, the said Andrew went on and improved said land in the sum of five hundred dollars; that he lived on it from May, 1845, till 1849, when he went to California, leaving the plaintiffs and their mother in possession, where they remained till 1850; that the said Andrew died in California, and the defendant now refuses to comply with his said agreement.

The defendant, in his answer, puts in issue the material facts of the petition. He denies that he gave the land to

said Andrew, or agreed to execute a deed therefor, but avers that he was allowed by defendant to take possession of said land to make therefrom a subsistence for himself and family; that the improvements mentioned in the petition were made principally by defendant and at his expense, and that for any labor expended by said Andrew on the land, he had been sufficiently remunerated by the profits thereof; that at the time the alleged gift is said to have been made, there was a deed of trust on the land which was subsequently released, and a mortgage was put upon it by defendant in September, 1845.

A motion was made by the defendant to have Ann McCullough, the widow of Andrew McCullough, and his administrator, made parties plaintiffs to the action; which was overruled. When the case came on for trial the defendant demanded a jury, which the court refused. The issues were then tried by the court. Ann McCullough, the mother and guardian of plaintiffs, and widow of Andrew H. McCullough, was offered as a witness. The defendant objected to her competency, but the objection was overruled and her testimony admitted. After hearing the evidence in the case, which is preserved in the bill of exceptions, the court, in a special verdict, found the facts as stated in the petition to be true, and decreed that the title of defendant be vested in plaintiffs, and that they have possession of the premises described in the petition. No instructions were asked by either party. From this decree the defendant has prosecuted his writ of error.

*Glover & Shepley*, and *Pratt & McCabe*, for plaintiffs in error.

I. The evidence did not warrant the finding of the facts stated in the decree. Under any view of the facts the judgment is erroneous, for there is no valuable consideration passing from Andrew to the defendant. The consideration of love and affection, though good as supporting a conveyance when made, can not form the basis of a parol agreement in relation to land. The son never treated the land as

having an absolute title to it. The alleged contract is admitted to be within the statute of frauds. The burden of proof is upon the plaintiffs to show something to take it out of the statute. In order to do that, it must be proved to be clear, definite, unequivocal, unambiguous, by evidence certain and uncontradictory. (19 Penn. 471; 4 Porter, 297; Young, 346; 13 Penn. 16.) Such contract is never enforced where it is doubtful, whether it was meant to be absolutely binding or only rests upon honor. (3 Ves. 402.) If the court is satisfied there was an agreement, and is in doubt as to what it was, it may decree that the improvements made by plaintiffs' father be paid by defendant. (4 Porter, 297, 314.) This furnishes a decisive test in the case and shows that the court can render no decree; for, according to the evidence, the defendant made more of the improvements than his son. There has been such laches in this case that unless the proof is clear and convincing the court should not give judgment in favor of plaintiffs. The widow and guardian of the plaintiffs was not a competent witness for the plaintiffs. The suit is prosecuted for her immediate benefit. She is a party to the record and therefore incompetent. (1 E. D. Smith, 411.) She was responsible for costs. (R. C. 1855, p. 1220, art. 3, sec. 7.)

*Dryden & Lipscomb*, for defendants in error.

I. The evidence proved the agreement alleged in the petition. There was no issue of fact which the court was under any legal necessity to submit to a jury. Mrs. McCullough, widow of the ancestor of defendants, was not a necessary party. Her testimony was competent. No question of the sufficiency or insufficiency of the petition can arise here because not raised in the lower court, no motion in arrest of judgment having been made.

Scott, Judge, delivered the opinion of the court.

This was a suit to compel a specific performance of parol agreement to convey lands. The statute of frauds was not

pleaded. There was a judgment for the plaintiffs. The point mainly relied on for a reversal of the judgment is, that the evidence was insufficient to warrant it. We can not weigh the evidence in this court. This court was instituted to determine questions of law and not to try matters of fact. This was a case required by law to be tried by the court, and it was therefore in the discretion of the court whether or not it would submit issues to a jury.

It is objected that the court erred in permitting Ann McCullough, the mother and guardian, who conducted the suit in the name of the wards, to be sworn as a witness. It is said that she is a party to the suit. But is the guardian who carries on a suit in the name of his ward any more a party to the suit than the attorney who conducts a suit for an adult? A person of age sues by attorney, a person not of age sues by guardian: why is the guardian any more a party to the suit which he prosecutes than an attorney is to that which he conducts? But it is said that the guardian is liable for the costs of the suit if it fails. No doubt he is so, and it was that which disqualified him as a witness when the common law rules of evidence prevailed; but as now by statute interest does not incapacitate a witness, a guardian is as competent a witness as an attorney. (Murphy v. Murphy, 24 Mo. 526.)

But as the plaintiffs who are prosecuting this suit are the heirs and children of the husband of the guardian with whom the contract for the conveyance of the land was made, it is maintained that if the heirs succeed in this suit, then the mother and guardian will be entitled to dower in the land recovered, and that the judgment will establish her right to it, therefore the suit is prosecuted for her immediate benefit. Although the plaintiffs succeed in this action, as another action will be necessary in order that the guardian may obtain her dower, it can scarcely be maintained that the suit, in the ordinary acceptation of the phrase, is prosecuted for her immediate benefit. The most that can be said is, that she has an interest in the judgment, as it will be evi-

dence for her in future action. The seventh section of the act concerning witnesses provides, that if any interested witness is offered and objected to on the ground that the verdict or judgment in the action, in which it is proposed to examine him, would be admissible in evidence for or against him, such witness shall nevertheless be examined; but in that case the verdict and judgment in that action, in favor of the party in whose behalf he shall be examined, shall not be admissible in evidence for him, or any one claiming under him."

The other judges concurring, the judgment will be affirmed.