Grimm *et al.*, *Appellants* v. Tittman, Public Administrator, *et al.*

Division Two, December 19, 1892.

1. **Will**: WITNESS: RESTORATION OF COMPETENCY. The release of a legacy and renunciation of an executorship by an attesting witness to a will restores his competency as such witness. Revised Statutes 1889, secs. 8903–4 and 8907.

2. ——: ——: MODE OF ATTESTATION. It is not necessary for the witnesses to a will to sign it in the presence of each other; it is sufficient if signed only in the presence of the testator and at his request.

3. ——: ——: ——. Nor is it necessary for the testator to sign his name in the actual presence of either of the witnesses, provided that at the time the witnesses sign he acknowledges or makes known to them by word, act or sign that he has executed the writing as his will.

4. ——: ——: ——. Nor is it necessary that the testator should inform the witnesses of the contents of the will.

5. ——: ——: ——.  Whether or not the testator informed the witnesses that the writing was his will should be determined from what was said and done by the testator and from all the attending facts and circumstances.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Rassieur & Schnurmacher* and *J. Hugo Grimm* for appellants.

(1) The court erred in permitting G. A. Grimm to testify in relation to the attestation and execution of the will. Revised Statutes, 1879, sec. 4010. Revised Statutes, 1879, sec. 4013. *First.* Because he is a party to the suit—a necessary party. *McCullough v. McCullough,* 31 Mo. 226; *Holmes v. Holloman,* 12 Mo. 536; *Vansant v. Boileau,* 1 Binn. 444; *Benoist v. Darby,* 12 Mo. 199; *Kennedy v. Evans,* 31 Ill. 258; *Walker v. McKnight,* 15 B. Mon. 467; *Selby v. Clayton,* 7 Gill. (Md.) 240; *Foley v. Mason,* 6 Md. 37; Rapalje on Witnesses, sec. 29. *Second.* Because he has an interest in the event of this suit. *Graham v. O'Fallon,* 4 Mo. 338; *Miltenberger v. Miltenberger,* 78 Mo. 27; Rapalje on Witnesses, p. 51, sec. 46; Greenleaf on Evidence, [14 Ed.] secs. 389-91; Revised Statutes, 1879, secs. 3995-6 ; *Sullivan v. Sullivan,* 106 Mass. 474; *Giddings v. Turgeon,* 58 Vt. 106; *Adams v. Sandige,* 29 Ga. 563. (2) G. A. Grimm was not a competent attesting witness; the will was therefore not attested by two competent witnesses, and plaintiff's instruction that the jury must find against the will should have been given. Revised Satutes, 1879, secs. 3595-6, 3962; *Hindson v. Kersey,* 4 Burns on Ecclesiastical Law, 118; *Holmes v. Holloman,* 12 Mo. 536; *Anstey v. Dowsing,* 2 Strange, 1253; 2 Greenleaf on Evidence [14 Ed.] sec. 691,

and cases cited in note thereto; *Workman v. Dominick,* 3 Strobh. 589; *Sullivan v. Sullivan,* 106 Mass. 474; *Tucker v. Tucker,* 5 Ire. 161–168; *Huie v. McConnell,* 2 Jones, L. 455; *Giddings v. Turgeon,* 58 Vt. 106; *Taylor v. Taylor,* 1 Rich. Law, 531; Schouler on Executors and Administrators [2 Ed.] sec. 76. (3) The instruction requested by plaintiffs that the jury must find against the will should have been given, because the will was not attested and published as required by law. *First.* The will was not signed in the witnesses' presence, nor was the signature to same acknowledged. Revised Statutes, 1879, sec. 3962; *Cravens v. Falconer,* 28 Mo. 19; *Ellis v. Smith,* 1 Ves. Jr. 11; *Gryle v. Gryle,* 2 Atk. 176; *Grayson v. Atkinson,* 2 Ves. 454; *Will of Alpaugh,* 8 C. E. Green (N. J.), 507; *Tucker v. Oxner,* 12 Rich. Law, 141; *Lewis v. Lewis,* 13 Barb. 28; *Sisters of Charity v. Kelly,* 67 N. Y. 413; *Mitchell v. Mitchell,* 16 Hun, 97, (Aff. 77, N. Y. 596;) *Rumsey v. Goldsmith,* 3 Dem. 503; *Woolley v. Woolley,* 95 N. Y. 231; *Taney's Estate,* Myrick's Prob. Rep. 210; *In re Goods of Gunstan,* 7 Prob Div. 102. *Second.* There was no such publication of the will as is required by our statute. *Withinton v. Withinton,* 7 Mo. 589; *Odenwælder v. Schorr,* 8 Mo. App. 458; *Swift v. Wiley,* 1 B. Mon. 114; *Lewis v. Lewis,* 11 N. Y. 220; *Remsen v. Brinkerhoff,* 26 Wend. 325; *Rutherford v. Rutherford,* 1 Denio, 33; *Hunt v. Mootrie,* 3 Bradf. 322; *Abbey v. Christie,* 49 Barb. 276; *Sem. v. Calhoun,* 62 Barb. 381; *Porteus v. Holm,* 4 Dem. 20; *Walsh v. Laffan,* 2 Dem. 498. (4) The court erred in taking the issue of undue influence from the jury. *Taylor v. Wilburn,* 20 Mo. 306; *Sunderland v. Hood,* 84 Mo. 293; *Bush v. Bush,* 87 Mo. 480; *Meyer v. Hauger,* 98 Mo. 433; *Garvin v. Williams,* 44 Mo. 465; *Demmert v. Schnell,* 4 Redf. 409; *Moore v. Spier,* 80 Ala. 132; *Brick v. Brick,* 43 N. J. Eq. 167; *Moury v. Silber,*

2 Bradf. 133; Pomeroy's Equity Jurisprudence, sec. 956, p. 478; *Gay v. Gillilan*, 92 Mo. 250 (264.)

*E. C. Kehr, George A. Castleman, D. Castleman Webb* and *J. E. McKeighan* for respondents.

(1) Disqualification as a witness by reason of interest is removed by the statute. Revised Statutes, 1879, sec. 4010; Revised Statutes 1889, sec. 8918. The statute supersedes the common-law rule. *Bates v. Forcht*, 89 Mo. 121; *Estep v. Morris*, 38 Md. 417. (2) But at common law a release removes the disqualification of interest and renders the witness competent. 1 Greenleaf on Evidence [14 Ed.] sec. 426. So does the statute in this case. Revised Statutes, 1879, sec. 3999; Revised Statutes, sec. 8907. (3) The legacy to the attesting witness being void, he has no interest in the event of the suit, and, therefore, is a competent witness. Revised Statutes, 1879, sec. 3995; Revised Statutes, 1889, sec. 8903. (4) G. A. Grimm was a competent attesting witness. *First.* The statute declares the legacy to him to be void and provides that he shall be admitted as a witness to the execution of the will. Revised Statutes, 1879, sec. 3995; Revised Statutes, 1889, sec. 8903; *Murphy v. Murphy*, 24 Mo. 526; *Fowler v. Stagner*, 55 Tex. 393; Jarman on Wills, Randolph and Jalcott's notes [5 Am. from 4 London Ed.] p. 188–93; 1 Woerner's American Law of Administration, 41. *Second.* Having released the legacy, the attesting witness was competent. Revised Statutes, 1879, sec. 3999; Revised Statutes, 1889, sec. 8907; *In re Will of Wilson*, 103 N. Y. 374. A proceeding to contest a will is an action at law. The finding of the jury, therefore, upon questions of fact, will not be reviewed. *Young v. Ridenbaugh*, 67 Mo. 574; *McIlwrath v. Hollander*, 73 Mo. 112; *Appleby v. Brock*,

76 Mo. 315; *Harris v. Hays*, 53 Mo. 90. The testator need not sign in the presence of the attesting witnesses. *Cravens v. Faulconer*, 28 Mo. 19. (6) Appellant's fourth point is that the court erred in taking the issue of undue influence from the jury. There being no sufficient evidence to support the issue, it was the court's duty to take it from the jury. *Jackson v. Hardin*, 83 Mo. 175; *Myers v. Hauger*, 98 Mo. 433.

GANTT, P. J.—This is a proceeding to contest the will of Hugo Grimm, who died in St. Louis on July 13, 1887, unmarried and without issue.

Defendant Tittman is administrator of the estate of the deceased. The other parties to the action are the brothers and sisters of deceased. The will bears date June 7, 1887, and is in the handwriting of the testator. The deceased was a German, and the will was in the German language.

On the seventeenth of June, 1887, the testator went to the store of Frederick Toussaint, a friend of his. He reached the store, number 708 Pine street, about one o'clock in the afternoon. After some conversation with Mr. Toussaint and partaking of a glass of wine, the testator produced the will, already signed by himself, and requested Toussaint to sign it. Toussaint identified the will in evidence and testified he was well acquainted with Hugo Grimm's handwriting, and that the signature and all except the signatures of the two attesting witnesses was in the testator's handwriting.

At the foot of the instrument and opposite the name of the testator was the word *"Zeugen,"* the German word for "witness." Under this word Toussaint signed his name, in the presence of Hugo, the testator. Before signing his name he read the last

three lines of the writing and testified he knew it was Hugo Grimm's will he was attesting.

The testator requested Toussaint to send his servant to the postoffice for his brother, Gustave Adolph, who was an employe in the postal service. Gustave came and signed the will in the presence of Hugo, the testator, and Toussaint, the other witness.

Gustave was offered as a witness and plaintiffs objected to his testimony on the ground that he was incompetent by reason of his interest in the event of the suit.

Thereupon counsel offered and read in eveidence the following:

"RENUNCIATION OF G. A. GRIMM."

In the Matter of the Will of Hugo Grimm, Deceased, offered for Probate. } In the Probate Court of the City of St. Louis.

"I, Gustavus Adolphus Grimm, hereby release and renounce all legacies or bequests given to me by the will of Hugo Grimm, deceased, now offered for probate, reserving to myself only so much of the estate of the deceased as would descend or be distributed to me as one of his heirs in case of his intestacy, and I furthermore renounce and decline to accept the executorship to which I am named by said will.

"Witness my hand and seal this sixteenth day of September, 1887.

"[SEAL.]                          G. A. GRIMM,

"Filed September 16, 1887.

                          "W. A. WAGNER,
                                  "Clerk, Etc."

The objection was then overruled, and Gustave testified in substance, that, when he received the word from his brother, he obtained the consent of the superintend-

ent and went to Toussaint's store and found his brother
Hugo there. ''He had an envelope in his hand and had
a sheet of paper lying on Mr. Toussaint's tailoring table.
* * * He asked me to sign the paper under Tous-
saint's name and I did sign it. * * * While I was sign-
ing I saw he had an envelope in his hands on which was
written 'Hugo Grimm's last will and testament, June
7, 1887,' in the English language and in his hand-
writing.'' After Gustave signed under Mr. Toussaint's
name as a witness, Hugo gave him the envelope and
said: ''Put this document in the envelope and deposit
it in the Missouri Safe Deposit Company on Sixth and
Locust, *and the day after I am buried take it* and go to
Mr. Toussaint, and take him *to the probate court and
deposit it there.*''

The appellants objected to the probate of the will
in the probate court, but it was admitted to probate.

They then commenced this action. The petition
charges, *first*, that the will was not executed and
attested as required by law and is of no effect; *secondly*,
that it was obtained by the undue influence of Gustave,
his brother.

I. The first contention is that Gustavus Adolphus
Grimm was not a competent witness because by the
terms of the will he was given a legacy. By section
3995, Revised Statutes, 1879 (section 8903, Revised
Statutes, 1889), the legacy bequeathed to Gustave was
rendered void and his competency as a witness restored.

It is deemed unnecessary to trace the history of
this provision. It is too clear to admit of doubt. As
he could take nothing under the will, he was without
interest in sustaining the will. But appellant endeav-
ors to show, that, by virtue of section 3996, Revised
Statutes, 1879 (section 8904, Revised Statutes, 1889), he
still has a pecuniary interest in sustaining the will, and
so construes that section in connection with the resid-

uary clause as to show he will gain by the establishment of the will.

We do not concur in this view. The language of the section admits of but one construction. If the will should not be established he would be entitled as an heir to one ninth of the estate. If the will is established he can get one ninth of the portion devised from the devisees and no more, and in no case more than the value of the legacy or devise. *Murphy v. Murphy*, 24 Mo. 526; *Sullivan v. Sullivan*, 106 Mass. 474.

The purpose of the statute it would seem was to remove the incompetency of the legatee or devisee, who had ignorantly or improvidently become an attesting witness by vacating the legacy or devise. If section 8903 stood alone and the subscribing witness was an heir or distributee and as such would receive a portion of the estate, in the absence of a will, he would have every motive to testify against the will, because if established he would lose not only his legacy under the will but his portion as heir, hence section 8904 was enacted to counteract that adverse interest resulting from section 8903 and to render him indifferent by saving him so much of his share as heir if the will be sustained as would not exceed his legacy or devise. But that his competency is established, whatever the motive of the lawmaker, cannot be questioned.

II. But his competency is equally well established by section 3999, Revised Statutes, 1879 (Revised Statutes, 1889, sec. 8907), which provides that, if *"before giving testimony* concerning the execution of such will,*"* he shall have released any legacy thereby given him, he shall be admitted as a witness. The release of the legacy and renunciation of the executorship read in evidence in this case without objection, without doubt restored his competency. *Matter of Will of Wilson*, 103 N. Y. 374. These provisions of the statute were

evidently designed to prevent wills becoming nullities, by reason of the interests of attesting witnesses.

III. The competency of the attesting witnesses being established, was there a sufficient publication of the paper writing as a will of the testator?

The court gave the following instructions for defendants against plaintiff's objections:

"The court instructs the jury that, in the attestation of the instrument in controversy, it was not necessary for the witnesses, Toussaint and Gustavus A. Grimm, to sign it as witnesses in the presence of each other, but only in the presence of the deceased, and at the request of deceased. Nor was it necessary that the deceased, Hugo Grimm, should have in fact signed his name to said instrument in the actual presence of either of the witnesses, provided the jury find from the evidence that, at the time of the witnesses so signing and attesting said instrument, the said deceased acknowledged or made known to them by word, act or sign that he had signed or executed the same as his last will and testament.

"The court instructs the jury that it was not necessary for deceased, Hugo Grimm, to inform the witnesses, Toussaint and G. A. Grimm, either at the time they signed their names to the instrument in controversy, or before or afterwards, as to the contents of said instrument. It was only necessary for him to inform them by word, act or sign that they were attesting as witnesses his last will and testament.

"The court instructs the jury that in passing on the question of fact as to whether or not the witnesses, Toussaint and Gustavus A. Grimm, on the occasion and at the time of their signing their names to the instrument in controversy, were informed by deceased, Hugo Grimm, that it was his last will and testament, and the jury may and should take into consideration all

that was said and done by him in their presence at the time, and all the facts and circumstances immediately connected therewith, whether immediately before or immediately after the act of signing their names as witnesses," and refused those offered by plaintiffs requiring the defendants to show special calling upon the witnesses to attest the will by some declaration that it was his will or by some statement or word declaring it his will.

We think the instructions given state the law correctly. It was not necessary for the testator to sign in the presence of the attesting witnesses. His acknowledgment of his signature would have been fully as efficacious, and where as in this case both the witnesses were well acquainted with his signature, it was equally significant as a direct acknowledgment when he laid his signature before them, attached to a paper they knew to be a will from *its language* and the distinct assertion on the envelope that it was, *with a request to sign it as witnesses*. That the testator was eccentric all the witnesses agree, but that he was fully comprehended on this occasion seems hardly to admit of a doubt. It was a question of fact, submitted under proper instructions, and ought not to be disturbed.

IV. The court correctly held that there was no evidence of undue influence, and declined to submit that issue to the jury. The evidence tended strongly to show the testator was a man of clear head and strong will, and wholly failed to disclose any such a confidential relation between him and his brother as would throw the slightest suspicion of undue influence either possessed or exercised by his brother over him. *Jackson v. Hardin*, 83 Mo. 175.

There are several other assignments—the refusal to compel the production of letters between the sisters

and Gustave, the evidence of the financial condition of the brothers, Joseph and Phillip, and the exclusion of Mrs. Flink's letter.

The court unquestionably ruled correctly in holding these depositions concerning the financial condition of the brothers were incompetent and irrelevant; and as Gustave produced all the letters from his sisters and swore positively he had no others, and no showing was made to the contrary, it affords no ground for a reversal of the judgment.

The judgment is affirmed. MACFARLANE and THOMAS JJ., concur.