SAM NORRIS, MRS. KANN NORRIS DAVIS, ALMAR NORRIS, MRS. MARGARET NORRIS SMITHWICK, TOM NORRIS, CLIFFORD NORRIS, MRS. CHARLIE LOVVORN, ANNIE MARGARET NORRIS CANTRELL, CHARLES NORRIS, WILLIE PEARL NORRIS CAFFEY, RIGGS NORRIS, MARGUERITE NORRIS, THOMAS WILLIAMS, BUNK WILLIAMS, MRS. BONNIE WILLIAMS FORHAND, HOUSTON STONE, Appellants, v. ED. H. BRISTOW and OLLIE MAY BRISTOW, Respondents, No. 41781—236 S. W. (2d) 316.

Division Two, January 8, 1951.

Motion for Rehearing or to Transfer to Banc Overruled, February 12, 1951.

692

*E. C. Hamlin, E. A. Barbour, Jr., C. M. Wantuck* and *Howell Washington* for appellants.

696

*Roscoe C. Patterson* for respondents.

698

[318] BARRETT, C.—This is the second trial and appeal of an action to contest and set aside the will of W. O. Norris on the grounds of mental incapacity and undue influence. The testator died on the 9th day of December 1946 and by his will executed on the 23rd day of April 1946, "As I have no near relatives whatsoever, and only distant ones whose names and addresses I do not know at this time," devised all his property, real and personal, in excess of the value of $10,000.00, "to my two closest friends, Ed. H. Bristow and Ollie May Bristow, husband and wife." The contestants are a brother, Samuel B. Norris, eighty-eight years of age, a sister, Mrs. Kann Norris Davis, eighty-one years of age, both of Murfreesboro, Tennessee, and fourteen nieces and nephews who live in Tennessee, Indiana and elsewhere. In both trials juries have returned verdicts sustaining the will and the contestants have appealed. Our decision upon the former appeal is Norris v. Bristow, 358 Mo. 1177, 219 S. W. (2) 367.

Upon that appeal it was held that the testimony of certain lay witnesses and the provision of the will, "As I have no near relatives whatsoever," made a submissible question of the testator's mental capacity to execute the will. As to undue influence the court considered the relationship of the Bristows and Mr. Norris, the terms of the will and all the relevant circumstances and said: "As to the

question of undue influence, we are of the opinion that while the evidence was not very convincing, it was sufficient to submit that question to a jury." In addition, the court considered the admissibility of certain evidence and the correctness of certain instructions. The cause was reversed and remanded because of the giving of prejudicially erroneous instructions.

Upon this the second appeal by the contestants there are sixteen principal assignments of error. It is urged that the proponents, the Bristows, did not adduce sufficient evidence for a prima facie case of the testator's sanity and capacity to make a will. It is urged, in this connection, that there was no evidence by the proponents, that the testator knew or understood the value, nature and extent of his property. It is insisted that the court erred in admitting the testimony of Mr. Harry D. Durst, the scrivener, in which he said that Mr. Norris told him, when they were preparing the will, that "I am not under any obligations to my relatives. I have got a number of nephews and nieces, some of them I don't know their names or where they live. But I am not under any obligations to my relatives." It is insisted that the court erred in permitting one of the principal beneficiaries, Ed. H. Bristow, to testify, for the reason that he was an incompetent witness under Mo. R. S. A., Sec. 1887 as an interested party to a suit in which the other party was deceased. It is insisted that the court erred in rejecting the evidence of Mr. Sam Norris and of Mrs. Kann Davis as to their financial condition and necessity. It is urged that the trial court erred in overruling the contestants' motion to construe Article II of the will beginning, "As I have no near relatives whatsoever." It is argued that the court erred in giving the proponents' instructions one, two, four, five, six, nine and eleven and in refusing [319] contestants' instructions E, I and J, and in striking from instruction A the words "and their situation in life."

In their essence virtually all of these assignments of error were urged and either directly or inferentially decided upon the former appeal and the adjudication of that appeal and the questions presented constitute the law of this case and of this appeal unless the former ruling was palpably wrong; which the contestants do not contend, or unless there is a substantial difference in the evidence and the facts upon the two trials. Mangold v. Bacon, 237 Mo. 496, 517, 141 S. W. 650; Turner v. Anderson, 260 Mo. 1, 168 S. W. 943, a will case; State ex rel. Bush v. Sturgis, 281 Mo. 598, 221 S. W. 91. The former adjudication is not only the law of the case as to all questions directly raised and passed upon but it is also the law of the case as to matters which arose prior to the first appeal and which might have been raised thereon but which were not raised or presented. 5 C. J. S., Secs. 1821, 1823-1827, 1964a, pp. 1267-1281, 1499. The contestants do not question these general rules but insist that our opinion on the first

appeal is not the law of this case because the evidence upon this appeal is different from the evidence upon the former appeal in that two witnesses testified upon this trial who did not testify on the former appeal. One of these witnesses was a proponents' witness, an employee of a funeral home, who testified to the arrangements for Mr. Norris' funeral and the part Mr. Bristow had in them. The other witness was a contestants' witness, Mrs. Dorothy de Ruyter, who was engaged to marry Mr. Norris when he was stricken. Her evidence, in some respects, was material and could well have been important, but, without discussing the full import and connotation of some of her evidence, it was obviously a question of practical advisability and trial strategy whether she should have been called as a witness. But aside from that, all the other witnesses testified in both trials and in its essentials there is no substantial difference in the evidence and facts upon the former trial and appeal and this one and the former adjudication is the law of this appeal.

For example, it is now objected that the court erred in permitting Mr. Durst, the scrivener, to testify to statements the testator made as they were drafting the will. Aside from the question of the admissibility of the testimony (Hayes v. Hayes, 242 Mo. 155, 145 S. W. 1155; Berkemeier v. Reller, 317 Mo. 614, 296 S. W. 739), the question was raised upon the former appeal and it was held that "The evidence of Mr. Durst was admissible on the question of undue influence and also with reference to mental capacity. His evidence was admissible to show the circumstances surrounding the testator at the time of the execution of the will." And, the rule of "the law of the case" applies to a decision as to the admissibility of evidence. 5 C. J. S., Sec. 1834(d), p. 1293. Likewise with the testimony of the principal beneficiary, Mr. Bristow, it was held upon the former appeal that he was not an incompetent witness by reason of the statute, Mo. R. S. A., Sec. 1887 and, under the rule in this jurisdiction, he was not an incompetent witness. Garvin's Adm'r. v. Williams et al., 50 Mo. 206. The various views on the subject are collected in the annotation, 115 A. L. R. 1425. It was inferentially decided, and the question could have been raised on the former appeal (5 C. J. S., Sec. 1825, p. 1279) that the proponents made a prima facie case of the testator's mental capacity to make the will. But in addition to the question's having been decided, upon this trial there was apparently not the contest as to this issue that there was upon the former appeal and the proponents adduced sufficient evidence of the testator's capacity, as the jury found. There was no single witness to the fact of the testator's knowledge of the nature and extent of his property but that he had the requisite knowledge is a fair inference from the record. His banker testified that on November 8, 1946 (Mr. Norris died December 9, 1946) Mr. Norris made a deposit of $100.00 and at that time there was approximately $3926.72 in his account. Several

witnesses had been his tenants and had purchased houses from him "on contract" [320] and were making payments to him both before and after the execution of the will and from these transactions it is a reasonable inference that he was well acquainted with the nature and extent of his property when the will was executed. It is also a fair inference from the evidence that the value of all his properties, in addition to the bank account, is in excess of $10,000.00 and less than $15,000.00 as stated in our former opinion.

When Mr. Sam Norris, the testator's aged brother, was testifying the court sustained an objection to the question, "Do you have any income, Mr. Norris?" The contestants then made an offer of proof "if he has any income, any property, to show what his needs were, in order to show that he might have been an object of the bounty of the testator according to his needed deserts." The contestants urge that the exclusion of the evidence was prejudicial error. It is true, as a general rule, that the financial condition and needs of those who are the natural objects of the testator's bounty is admissible when there is an issue of testamentary capacity. Hamner v. Edmonds, 327 Mo. 281, 36 S. W. (2) 929; Mowry v. Norman, 223 Mo. 463, 122 S. W. 724. This rule of evidence is a part of the rule that an unnatural or unjust disposition of the testator's estate is a circumstance tending to throw some light on testamentary capacity. Ann. Cas. 1917E, p. 130. But it is an essential part of the rule, that the financial condition and needs of those who might expect to be provided for, that the testator was aware of or had knowledge of their condition. 68 C. J., Sec. 65, p. 459; Hamner v. Edmonds, supra. Here there was no offer to show that Mr. Norris had such knowledge. There was testimony that he had intermittently corresponded with one or two of his nieces but it had been fourteen years since he had seen his brother or sister in Tennessee and that was upon the occasion of his father's funeral. There was no evidence and no offer of proof that he was acquainted with their needs and financial condition when he executed the will and for at least ten years prior to that date and, in the circumstances, it was not prejudicially erroneous to exclude the evidence.

Before the trial began the contestants filed a motion to construe Article II of the will, "As I have no near relatives whatsoever, and only distant ones whose names and addresses I do not know at this time, * * *." It is urged that the court erred in overruling the motion. The point to the contestants' argument is that the word "as" should be construed to mean "because" or "since" I have no near relatives. In this connection the contestants offered and the court refused an instruction defining the word "as." But this is a suit to contest the will and not a suit to construe its provisions. Upon the former appeal it was held that the terms of the will, particularly this clause, were for the jury's consideration upon

the issues of mental capacity and undue influence. The court was not called upon to construe the will and it was not error for the court to refuse to define, by instruction, the commonly known word "as." Thompson v. City of Lamar, 322 Mo. 514, 17 S. W. (2) 960.

Several of the given instructions to which the contestants now object were given upon the former trial and while there was no specific objection or ruling with respect to them upon the former appeal their correctness and applicability to the issues could have been considered. 5 C. J. S., Sec. 1834(e), p. 1296. Instruction one on the execution of the will and testamentary capacity was, according to the contestants, instruction four upon the former trial. The instruction is not comparable to the instruction in Hartman v. Hartman, 314 Mo. 305, 284 S. W. 488, and was obviously copied from Lareau v. Lareau, (Mo.) 208 S. W. 241; 4 Raymond, Missouri Instructions, Sec. 10181, p. 204. Instruction two upon the subject of sound mind, the natural objects of the testator's bounty and age and physical weakness was instruction five upon the former trial except that the word "naturally" was omitted from the instruction upon the second trial. The instruction was copied from Schultz v. Schultz, 316 [321] Mo. 728, 293 S. W. 105. The opinion in that case distinguishes Post v. Bailey, (Mo.) 254 S. W. 71, upon which the contestants rely. Instruction five as to the subscribing witnesses was instruction twelve upon the former trial and, in substance, was copied from Grimm v. Tittman, 113 Mo. 56, 20 S. W. 664. Instruction four upon the subject of "undue influence" and the opportunity of the Bristows to influence the testator was instruction eleven upon the former trial. In part this instruction was excerpted from Gordon v. Burris, 153 Mo. 223, 54 S. W. 546, and the proponents concede that the instruction standing alone, while abstractly correct, might mislead the jury upon the issue of "undue influence." But as the proponents point out the court gave the contestants' instruction D, copied from Andrew v. Linebaugh, 260 Mo. 623, 659, 169 S. W. 135, elaborating upon this same subject and issue and when the instructions are considered together, as they must be (Clark v. Powell, 351 Mo. 1121, 175 S. W. (2) 842), instruction four may not be said to be prejudicially erroneous in the circumstances of this case. Instruction six upon the subject of the testator's kinsmen, their right to his estate and his absolute right to dispose of his property was instruction eight upon the former trial and appeal. The instruction, in part, was criticized in our former opinion (358 Mo., l. c. 1188, 219 S. W. (2), l. c. 371) and the criticized part of the instruction was omitted upon the second trial.

Instruction nine upon the subject of sound mind and disposing memory and mental capacity was offered upon the former trial but refused. It is urged that the instruction does not properly define mental capacity and omits the requirement that the testator must have known the value, nature and extent of his property and the

names of his relatives who were the natural objects of his bounty. However, the contestants' instruction A fully covered this subject, including the burden of proof and was instruction P-1 from Schultz v. Schultz, 293 S. W., 1. c. 107, and when, as that case holds, all the instructions are considered instruction nine is not erroneous. Instruction eleven concerning any statements or declarations the testator may have made regarding the making of his will was not given upon the former trial. The appellant urges that it was not a correct statement of the law and that there. was no issue upon the state of his affections for his relatives. But again, the instruction was copied from Yant v. Charles, (Mo.) 219 S. W.. 572, 575, and according to the testimony of Mr. Durst the declarations of the testator may have had some bearing upon the state of his affections even though the declarations were not evidence of the truth of the facts therein stated. In any event the giving of the instruction was not so prejudicially erroneous as to require the granting of a new trial. Mo. R. S. A., Sec. 847.140. And we are unable to find that there is any irreconcilable conflict in any of the given instructions.

█ The contestants refused instruction E dealing with the subject of the Bristows' relationship to the testator hypothesized their confidential relationship in connection with undue influence and what was required for an affirmative finding in that regard. Instruction I was to the effect that a finding of undue influence alone was sufficient to impeach the will. Contestants' given instructions C, D and F dealt fully with this subject and their instruction B on undue influence plainly directed the jury "if from a consideration of all the evidence the jury believe that the said last will was procured by undue influence, they will find said document is not the last will and testament of said W. O. Norris." It was likewise a plain implication from the other instructions on the subject that a finding of undue influence alone was sufficient to set aside the will. Their refused instruction K defined "natural objects of the testator's bounty" but in addition to the instruction's not being complete in itself, as has been indicated, proponents' instruction nine and contestants' instructions A, B and D adequately covered the subject and the refusal of this additional instruction was not prejudicially erroneous. Nor was it error to strike the words "and their situation in life" from instruction A since there was [322] no evidence that Mr. Norris had notice or knowledge of their need and financial situation.

There was not such prejudicial error upon this second trial as to require another new trial and the judgment is accordingly affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.