Vestal LANGDON, Deceased, by Marie Langdon, Administratrix, and Marie Langdon, Individually, Plaintiffs-Respondents,

v.

Jeremiah KOCH, Defendant-Appellant.

No. 8757.

Springfield Court of Appeals.

Missouri.

Dec. 17, 1968.

Orville C. Winchell, Lebanon, for defendant-appellant.

Henry W. Westbrooke, Jr., Miller, Fairman, Sanford, Carr & Lowther, Springfield, for plaintiffs-respondents.

STONE, Judge.

This appeal brings to us a second edition of the transcript which was the subject of our opinion in Langdon v. Koch, Mo.App., 393 S.W.2d 66. The purpose of this litigation is to recover for damages to a 1960 Chevrolet Belair four-door sedan resulting from a vehicular collision on May 13, 1963. Upon defendant's first appeal from a judgment for plaintiffs in the sum of $719.74, we ruled all issues then presented and remanded the case *"for retrial of the issue of damages only."* 393 S.W.2d at 71. (All emphasis herein is ours.) Following a second jury-waived trial before a different circuit judge, plaintiffs again had judgment for $719.74. Defendant again appeals.

Defendant's primary complaint now is thus stated in his "Points Relied On": "The introduction of plaintiff's (sic) exhibit 6 (repair bill) does not, of itself, prove plaintiff (sic) suffered such amount of damage; plaintiff-respondent had burden of proof of damages." The repair bill of the Chevrolet dealer in Lebanon, Missouri, which was received in evidence at both trials, listed items for parts and labor, showed a separate charge for each item, and reflected a total charge (including sales tax) of $728.74. In the course of our former review, we held "that the exhibit [repair bill] and the testimony of witness Alexander [the parts manager who testified at both trials] sufficiently established that certain repairs and replacements were made and that the cost thereof was reasonable, and that such evidence was admissible as tending to support plaintiff's claim of damage; *but it was not, in itself, sufficient to show or prove that plaintiff[s] suffered such amount of damage on account of this accident."* 393 S.W.2d at 69. We then pointed out that there had been no evidence as to the reasonable market value of plaintiffs' Chevrolet, either before or after the collision, and we rejected plaintiffs' contention that this evidentiary deficiency was supplied by the simple affirmative response of plaintiff Marie Langdon to counsel's in-

quiry, "in your opinion, was the damage to that vehicle in that amount [$728,74]," where "[t]he *only* thing which she appeared to know about the car was that it had not previously been involved in a wreck." 393 S.W.2d at 70.

Upon retrial, plaintiffs offered considerable additional evidence upon the issue of damages. It was shown that the Chevrolet was new when purchased by plaintiffs, that it had not been damaged or involved in any accident prior to May 13, 1963, and that, immediately before the collision on that date, the speedometer registered mileage of "approximately 35,000" and the automobile handled "real good" and "was in excellent condition." One McGowan, formerly a used car dealer who "owned my own business" although he was a real estate salesman at the time of trial, was called as a witness for plaintiffs. After McGowan had examined a photographic exhibit showing the damage resulting from the accident and had been informed of the actual cost of repairing that damage, hypothetical questions substantially embracing the foregoing evidence and designed to elicit his opinion as to the reasonable market value of the Chevrolet immediately before and immediately after the accident of May 13, 1963, were propounded to him. In response to those questions McGowan fixed the pre-accident market value of the Chevrolet at "approximately $1,295" and its post-accident market value at "about $575." This expression of opinion as to post-accident market value was supplemented by further testimony that even though the Chevrolet had been repaired in such manner that it would not have been "particularly obvious that it had been wrecked," the post-accident market value would "probably depreciate as a result of the wreck . . . from $150 to $200 . . . in addition to the repair cost."

■ Since defendant's "Points Relied On" made no mention of witness McGowan, his qualifications or his testimony, no assignment of error with respect thereto has been preserved or presented for appellate review. V.A.M.R. Rule 83.05, subsecs. (a) (3) and (e). However we have, ex gratia, noted the complaints in the "Argument" section of defendant's brief that McGowan was not qualified "as an expert on motor vehicle prices" and that "there was no hypothetical question asked of this witness based on competent evidence." The only two objections interposed by defendant's counsel during McGowan's examination were (1) this objection to the question as to pre-accident market value: "I'll object to the form of the question as not pleaded—it was not pleaded—he hasn't pleaded alternative form of damages, Your Honor," and (2) this objection to the question calculated to evoke an opinion as to depreciation in market value by reason of the automobile having been involved in an accident: "I object, Your Honor, there is nothing pleaded in here about the value of the car before or after nor depreciation. All he has pleaded was the value of repairs. I don't see any alternative proof of pleading in here for damages. He has pleaded repairs and only repairs." With the quoted objections to McGowan's testimony abandoned on appeal, defendant now undertakes to argue different complaints not mentioned during trial. These appellate afterthoughts raise no point to be ruled here, for on review a party is held to the specific objections presented to the trial court [Schmitt v. Pierce, Mo. (banc), 344 S.W.2d 120, 130(12); State ex rel. State Highway Com'n. v. Northeast Building Co., Mo., 421 S.W.2d 297, 301(4, 5); Wren v. St. Louis Public Service Co., Mo.App., 355 S.W.2d 365, 372(11)] and others are not open for consideration. Hall v. Clark, Mo., 298 S.W.2d 344, 350(14); Negley B. Calvin, Inc. v. Cornet, Mo.App., 427 S.W.2d 741, 746 (6); Mutual Finance Co. v. Auto Supermarkets, Inc., Mo.App., 383 S.W.2d 296, 298(2); Hermann v. St. Louis Public Service Co., Mo.App., 345 S.W.2d 399, 405–406(13). See Thomas v. Wade, Mo. (banc), 361 S.W.2d 671, 675(4); Mitchell v. Robinson, Mo., 360 S.W.2d 673, 676(1).

■ However, it may be observed in passing that the qualification of an expert in a given testimonial field rests in the first instance in the sound judicial discretion of the trial court, whose determination will not be set aside in the absence of a clear showing of abuse of such discretion. Parlow v. Dan Hamm Drayage Co., Mo., 391 S.W.2d 315, 325(14); Yocum v. Kansas City Public Service Co., Mo., 349 S.W.2d 860, 864(1); Minor v. Lillard, Mo., 306 S.W.2d 541, 546(5); State ex rel. State Highway Com'n. v. Hart, Mo.App., 417 S.W.2d 193, 196(3). And we record parenthetically that, although strangely (so it seems to us) the transcript on this second appeal does not contain the petition and answer on which the case was tried, by reference to the transcript on the first appeal of which we may and should take judicial cognizance [Bushman v. Barlow, 321 Mo. 1052, 15 S.W.2d 329, 332(6); Wessels v. Smith, Mo., 362 S.W.2d 577, 578(3); Fath v. City of Cape Girardeau, Mo.App., 132 S.W.2d 1073, 1075(4)] we find that the two hereinbefore-quoted objections to witness McGowan's testimony, predicated on the ground that plaintiffs had "pleaded repairs and only repairs," were wholly without foundation or merit in that plaintiffs' petition did seek recovery of "the difference in reasonable market value immediately before and immediately after said accident . . . ."

■■ That pleaded measure of damages was the proper one [Hall v. Clark, supra, 298 S.W.2d at 350(13); Langdon v. Koch, supra, 393 S.W.2d at 69(5), and cases there cited], and the testimony of witness McGowan was appropriately directed to proof thereof. His stated opinion that the pre-accident market value of the Chevrolet was $1,295 and its post-accident market value was $575, resulting in a difference of $720, afforded substantial and sufficient evidentiary support for the trial court's express findings to the same effect, and for the judgment in the sum of $719.74, the amount for which plaintiffs prayed. See City of St. Louis v. Buselaki, 336 Mo. 693, 702, 80 S.W.2d 853, 857(7); State ex rel. State Highway Com'n. v. Eilers, Mo., 406 S.W.2d 567, 575(17); State ex rel. State Highway Com'n. v. Hamel, Mo., 404 S.W.2d 736, 739; Empire Dist. Electric Co. v. Johnston, 241 Mo.App. 759, 768, 268 S.W.2d 78, 83.

■ In two other points, defendant asserts that "plaintiffs cannot recover in this action for the reason that they are not the real party (sic) in interest." This contention is predicated upon the alleged payment by plaintiffs' collision insurance carrier of $669.74 on the bill for repairing the Chevrolet, which payment (so defendant argues) subrogated that carrier to plaintiffs' right of recovery and "estops" plaintiffs from maintaining this suit. By again referring to the transcript on the first appeal, we find that, prior to the *first* trial, essentially the same contention was presented to the circuit court by defendant's "Motion to Dismiss for Failure to State a Cause of Action" filed and overruled on May 18, 1964. But following trial and entry of judgment for plaintiffs no assignment of error with respect to the overruling of said motion to dismiss was included in defendant's motion for new trial or preserved and presented upon the first appeal. Our adjudication upon that appeal is the law of the case not only as to all questions directly raised and passed upon but also as to all matters which arose prior thereto and might have been, but were not, then raised or presented. Norris v. Bristow, 361 Mo. 691, 699, 236 S.W.2d 316, 319(2), 26 A.L.R.2d 366; Lonnecker v. Borris, Mo., 245 S.W.2d 53, 55(1); Wilson v. Toliver, Mo., 305 S.W.2d 423, 428(5); 5B C.J.S. Appeal & Error § 1825, p. 197. Upon our remand *"for retrial of the issue of damages only"* [393 S.W.2d at 71], defendant had no right to a second hearing upon the issue raised and ruled prior to the first trial as to whether plaintiffs were the real parties in interest; and, even though the trial court after remand was persuaded to consider the same matter again, such gratuitous reconsideration did not resurrect that settled issue. Defendant is in no position

to complain about the second adverse determination thereof, and we must decline the invitation of counsel to review it at this late hour.

The judgment for plaintiffs is affirmed.

HOGAN, P. J., and TITUS, J., concur.